# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1840V

| | |
|---|---|
| B.K., *a minor, by and through her parent and natural guardian*, TERESA KELLETT, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: February 12, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Involuntary Dismissal; Failure to Prosecute; Rule 21(b). |
| Respondent. | |

## DISMISSAL DECISION

### I.  Procedural History

On November 27, 2017, Teresa Kellett ("Petitioner") filed a petition[1] for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] alleging that her daughter, B.K., suffered dermatomyositis approximately eleven months after receiving the DTaP[3] vaccine on December 4, 2014.  Pet., ECF No. 1.

On November 30, 2017, Petitioner filed a Statement of Completion.  ECF No. 7.  On March 5, 2018, Respondent filed a status report indicating he believed some medical records were missing.  ECF No. 12.  On May 7, 2018, Petitioner filed an Amended Statement of Completion confirming that no additional records exist.  ECF No. 13.

On June 21, 2018, Respondent submitted his Rule 4(c) Report.  Resp't's Rep., ECF No. 14.  Respondent asserted that Petitioner failed to establish a causal connection between B.K.'s

---

[1] This case was initially assigned to former Special Master Millman on November 28, 2017 and reassigned to my docket on January 10, 2018.  ECF Nos. 4, 10.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

[3] In her petition, Petitioner refers to B.K.'s vaccination as Tdap, the adolescent and adult booster of the childhood DTaP vaccine. Pet. at 1.

December 4, 2014 DTaP vaccination and the onset of dermatomyositis in late 2015. Resp't's Rep. at 14.

On August 2, 2018, I directed Petitioner to file a status report by September 4, 2018, indicating how she wished to proceed in light of Respondent's Report. *See* 8/2/18 non-PDF Scheduling Order. On September 4, 2018, Petitioner's counsel, Ms. Shealene Mancuso, filed a status report informing the Court she had been unable to contact Petitioner and requesting additional time to file a status report on how Petitioner wished to procced. ECF No. 17. I granted this request on September 5, 2018. ECF No. 18. From October 2018 to March 2019, Ms. Mancuso filed four additional motions for extensions of time, all of which were granted. *See* ECF Nos. 19-22; *see also* non-PDF Orders Granting Motions on 10/5/18, 11/21/18, 2/11/19, and 3/5/19. In a status report filed on May 3, 2019, Ms. Mancuso indicated that she "has not been able to confer with her client regarding how she would like to proceed" and requested a status conference. ECF No. 23.

On June 26, 2019, I held a status conference with the parties to discuss Ms. Mancuso's attempts to contact Petitioner. Ms. Mancuso requested a stay in the proceeding so she could attempt to speak with her client. I informed Ms. Mancuso that I would grant a three-month stay in this case, giving her additional time to contact and confer with Petitioner. ECF No. 24. On July 1, 2019, Ms. Mancuso filed her Motion to Stay (ECF No. 25), and I granted it that same day (*see* 7/1/19 non-PDF Order Granting Stay). On November 1, 2019, I lifted the stay. *See* 11/1/19 non-PDF Order Lifting Stay. On November 4, 2019, Ms. Mancuso filed a status report informing the Court of her desire to file an expert report, despite her inability to communicate with Petitioner. ECF No. 26.

On November 7, 2019, I held a status conference with the parties to discuss how to proceed. I informed Ms. Mancuso that it was necessary for her to confirm with Petitioner her interest in continuing to prosecute this case and how she wished to proceed. ECF No. 27. I ordered Petitioner to file an affidavit by December 9, 2019 indicating as such. *Id*. On December 10, 2019, Ms. Mancuso filed a status report informing the Court that her efforts to reach her client continued to be unsuccessful. ECF No. 28. Ms. Mancuso sent "a sixth (6th) letter via certified and regular mail informing Petitioner of the status of her case, the deadline for the ordered affidavit (ECF No. 27), and that failure to do so would trigger an order to show cause for failure to prosecute, afterwhich her claim would be dismissed." *Id*. Additionally, Ms. Mancuso sent numerous emails to Petitioner with the same information and made calls to Petitioner's now-disconnected phone number. *Id*. Petitioner did not file the affidavit by the deadline.

On December 12, 2019, I issued an Order to Show Cause, in which Petitioner was again ordered to file an affidavit indicating she wished to continue prosecution of her case by February 10, 2020. ECF No. 29. Petitioner was informed that her failure to file an affidavit would be interpreted as a failure to prosecute this claim and her petition would be dismissed. February 10, 2020 passed with no filings from Petitioner.

## II.     Summation

Vaccine Rule 21(b)(1) provides that a "special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."  Since September 4, 2018, Petitioner has not communicated with her counsel regarding the prosecution of her case despite her attorney's repeated attempts to make contact.  For approximately seventeen months, Petitioner has failed to speak with her attorney regarding this petition. Petitioner was given ample opportunity to communicate with counsel. Further, I have repeatedly ordered Petitioner to file an affidavit confirming her interest in the continued prosecution of her case.  Her failure to comply with my orders, combined with her lack of communication with her attorney, lead me to conclude that she is not interested in continuing her claim.

As such, **IT IS ORDERED THAT**,

The petition is hereby **DISMISSED** for failure of the petitioner to prosecute.

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master