# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1840V

| | |
|---|---|
| B.K., *a minor, by and through her parent and natural guardian*, TERESA KELLETT, | **TO BE PUBLISHED** |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: December 3, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs; Reasonable Basis |
| Respondent. | |

*Shealene P. Mancuso*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Mollie D. Gorney*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 12, 2017, Teresa Kellett ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, et seq.[2] (the "Vaccine Act" or "Program") on behalf of her minor daughter, B.K. Petitioner alleged that B.K. suffered from dermatomyositis after receiving the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on December 4, 2014. *See* Petition, ECF No. 1. On February 12, 2020, I issued a decision dismissing the petition for failure to prosecute. ECF No. 30.

On April 29, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided in 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. To do so, each party may, within 14 days, request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

No. 35 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $14,834.84, representing $14,217.30 in attorneys' fees and $617.54 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. *Id.* For the reasons articulated in this decision, I find that the petition was filed in good faith and with a reasonable basis. Accordingly, an award of attorneys' fees and costs is appropriate.

### I.     Medical History

B.K. was born on July 22, 2013. She received the DTaP vaccine on December 4, 2014. Ex. 1 at 1. B.K. was admitted to the Baylor Medical Center on December 5, 2014 with complaints of fever, nausea, diarrhea, and vomiting, which began the night prior. Ex. 3 at 3, 5. B.K experienced a fever of 104˚. *Id.* at 19. She was diagnosed with fever, teething, and a viral syndrome. *Id.* at 5. Her differential diagnosis included "URI, viral infection, teething, fever secondary to immunization shots." *Id.* at 20. B.K. presented to Dr. Mary Strength on December 8, 2014 with the same symptoms and fussiness. Ex. 2 at 11-13. B.K. was diagnosed with fever and dehydration. *Id.*

On October 26, 2015, B.K. presented to Dr. Laurie Scott with a rash in her upper and lower extremities and a rash on her knuckles. Ex. 4 at 1-4. B.K. was diagnosed with dermatitis, Gottron papules, and hyperkeratosis. *Id.* B.K. was referred to dermatologist Dr. Angela Shedd, who evaluated her on October 28, 2015. Ex. 5 at 3-4. Dr. Shedd diagnosed B.K. with dermatomyositis and "other specified epidermal thickening" with onset of three to four months. *Id.* Dr. Shedd noted,

> [B.K.]'s mother had postponed vaccinations due to a series of viral illness, but when they finally decided to move forward with her 1 year vaccinations, she had a severe reaction to whichever vaccines she had at that time associated with multiple ER visits with 105 F and has noted the motor problems after that time and the skin changes described above have occurred more recently in the past 3-4 months.

*Id.* at 3.

On November 3, 2015, B.K. presented to Drs. Keiji Akamine and Tracey Wright of Texas Scottish Rite Hospital with a rash and leg pain. Ex. 6 at 33-36. It was noted that there was a one-year history of the rash on B.K.'s hand, chest, face, elbows, knees, and arms, pain in B.K.'s knees and feet, and that B.K. had difficulty moving. *Id.* An MRI revealed B.K. had diffuse myositis. *Id.* at 29, 57. The history indicates that B.K. developed motor problems and skin changes "after that time" referring to the December 4, 2014 vaccination. *Id.* at 33.

B.K. returned to Dr. Strength on November 16, 2015, where she was diagnosed with juvenile dermatomyositis. Ex. 2 at 15-17. B.K. was noted to have a new episode of rash, which started one to four weeks prior. *Id.* at 15.

B.K. continued receiving treatment for juvenile dermatomyositis into 2016, with gradual improvements. Petitioner did not file other medical records relevant to the issue of reasonable basis.

## II.     Procedural History

On November 27, 2017, Petitioner filed a petition alleging B.K., suffered from dermatomyositis after receiving the DTaP vaccine on December 4, 2014. Pet., ECF No. 1. Petitioner also filed medical records on November 27, 2017. Exs. 1-8.

On March 5, 2018, Respondent filed a status report which indicated that outstanding medical records remained unfiled. ECF No. 12. On May 7, 2018, Petitioner filed an Amended Statement of Completion stating there were no additional medical records to be filed. ECF No. 13. On June 21, 2018, Respondent filed a Rule 4(c) Report stating compensation was not appropriate under the Vaccine Act. Resp't's Rep. at 2, ECF No. 14.

On September 4, 2018, Petitioner's counsel, Ms. Mancuso, filed a status report stating she was unable to confer with her client and requested 30 days to file another status report on how Petitioner would like to proceed. ECF No. 17. Ms. Mancuso filed status reports and motions for enlargement on October 5, 2018, November 19, 2018, January 3, 2019, March 4, 2019, and May 3, 2019 stating she was unable to confer with her client and each time requesting additional time to submit a status report on how Petitioner would like to proceed. *See* ECF Nos. 19, 20, 21, 22, 23. I granted each of those requests.

On June 26, 2019, I held a status conference with the parties to discuss Petitioner's filings. *See* Minute Entry on 6/28/2019; Scheduling Order on 6/28/2019, ECF No. 24. Ms. Mancuso stated she had still not spoken with Petitioner and requested a stay in this case, pending her ability to contact her client. *Id.* On July 1, 2019, Petitioner filed a Motion to Stay Proceedings, which I granted. *See* ECF No. 25; non-PDF Order Granting Motion to Stay Proceedings on 7/1/2019.

On November 1, 2019, I lifted the stay. On November 4, 2019, Petitioner filed a status report stating she intended to file an expert report in the next 60 days. ECF No. 26. On November 7, 2019, I held a status conference with the parties. *See* Minute Entry on 11/7/2019; Scheduling Order on 11/7/2019, ECF No. 27. Ms. Mancuso stated that she was still unable to contact her client but wished to proceed with the submission of an expert report on Petitioner's behalf. *See* Scheduling Order on 11/7/2019, ECF No. 27. I told Ms. Mancuso that I believed it was incumbent upon Petitioner to show some involvement in the prosecution of her case. *See id.* I ordered Petitioner to file an affidavit by December 9, 2019 indicating that she wanted to continue her Vaccine Program claim. *See id.* Petitioner did not file an affidavit in accordance with my order.

On December 10, 2019, Ms. Mancuso filed a status report stating she had emailed and phoned Petitioner numerous times to no avail and believed Petitioner's phone line was disconnected. ECF No. 28. On December 12, 2019, I issued an Order to Show Cause, instructing Petitioner to file an affidavit confirming her intention to continue with the prosecution of her claim by February 10, 2020. ECF No. 29. Petitioner did not file an affidavit in accordance with my

Order to Show Cause. On February 12, 2020, I issued a Decision dismissing the case for failure to prosecute. ECF No. 30.

On April 29, 2020, Petitioner filed the instant Motion for Attorneys' Fees and Costs requesting a total of $14,834.84. Fees App., ECF No. 35. On April 30, 2020, Respondent filed a Response to Petitioner's Motion for Attorneys' Fees and Costs stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Fees Resp. at 2, ECF No. 36.

On August 28, 2020, I issued an Order directing both parties to file briefs on whether there was reasonable basis to file this claim. ECF No. 37. On September 28, 2020, Petitioner filed a memorandum stating there was reasonable basis to file this claim. ECF No. 38. Petitioner's counsel indicated she was prepared to submit an expert report, however was unable to do so because of her client's unresponsiveness. *Id.* at 10. Petitioner also stated that a previous case in the Vaccine Program involving the same vaccine and injury had been decided favorably to Petitioner. *Id.* at 9-10. On October 28, 2020, Respondent filed a response to Petitioner's memorandum stating "contemporaneous medical records do not provide an objective basis of causation between B.K.'s alleged injury and the vaccine she received" and "[P]etitioner has not provided an expert report in support of vaccine-causation." Resp. at 2, ECF No. 39. On November 25, 2020, Petitioner filed a letter from Dr. Eric Gershwin stating he was willing to provide an expert report in this case addressing all the *Althen* prongs. Ex. 10, ECF No. 40.

This matter is now ripe for adjudication.

### III. Legal Standard

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted. Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

#### A. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

#### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). Objective medical evidence, including medical records, can constitute evidence of causation supporting a reasonable basis. *Cottingham*, 971 F.3d at 1346.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health &*

5

*Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. It is appropriate to analyze reasonable basis through a totality of the circumstances test that focuses on objective evidence. *Cottingham,* 971 F.3d at 1344. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## IV. Discussion

### A. Good Faith

Petitioners are entitled to a presumption of good faith. *See Grice*, 36 Fed. Cl. 114 at 121. Respondent has not raised any specific objection to the good faith of the petition. *See generally* Fees Resp.; *see also* Resp't's Resp. to Pet'r's Memo, ECF No. 39. Based on my own review of the case, I find that Petitioner acted in good faith when filing this Petition.

### B. Reasonable Basis

In this case, B.K. received the DTaP vaccine on December 4, 2014. Later that night, she developed fever, nausea, diarrhea, and vomiting; she visited the ER the next day, December 5, 2014. Her differential diagnosis included "URI, viral infection, teething, fever secondary to immunization shots." Ex. 3 at 20. On October 28, 2015, Dr. Shedd diagnosed B.K. with dermatomyositis. Ex. 5 at 3-4. The medical histories provided by Petitioner noted that onset of motor problems occurred after vaccination and onset of skin changes was three to four months prior to the October 2015 visit, possibly earlier. *Id.*; *see also* Ex. 6 at 33.

Petitioner's counsel submitted a status report on November 4, 2019 indicating that she had contacted an expert and was prepared to submit an expert report in 60 days. *See* ECF No. 26. In fact, Dr. Gershwin, an immunologist, authored a letter confirming that he was willing to submit an expert report in this case that would articulate a connection between the DTaP vaccine and B.K.'s injuries. *See* Ex. 10. Dr. Gershwin has provided a comparable opinion in a prior Vaccine Program case. In *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 13-253V, 2017 WL 5563419 (Fed. Cl. Spec. Mstr. Oct. 26, 2017), Special Master Roth found that Petitioners demonstrated their minor child's juvenile dermatomyositis was caused by his receipt of the DTaP, MMR, Polio, and Varicella vaccines.

Dermatomyositis is a disease "characterized by inflammation of muscles and skin, which leads to necrosis and dysfunction of the muscles." *Rodriguez,* 2017 WL 5563419, at *10. The medical records in this case indicate that B.K. may have experienced a reaction to her DTaP

vaccine and developed motor problems soon thereafter. One of the medical records also indicates that B.K.'s skin problems may also have been close-in-time to vaccination. *See* Ex. 6 at 33.

The totality of these factors, which include B.K.'s documented fever secondary to immunization, her diagnosis of dermatomyositis, the reported onset of her signs and symptoms after her DTaP vaccine, the prior finding of causation in the *Rodriguez* case, and Dr. Gershwin's willingness to offer an expert opinion in support of entitlement in this case constitute "sufficient evidence to make a feasible claim for recovery." *Santacroce*, 2018 WL 405121, at *7. As such, I find that Petitioner's claim possessed a reasonable basis.

**C. Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, it was due primarily to Petitioner's decision to cease all communication with her counsel, thus resulting in the petition being dismissed for failure to prosecute. I do not doubt that the case was filed with a good faith belief that B.K.'s injury was caused by her vaccination. As discussed above, I find the case had a reasonable basis to proceed for as long as it did. Accordingly, I find that Petitioner is entitled to a final award of reasonable attorneys' fees and costs

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a. Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorney, Ms. Shealene Mancuso: $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, and $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020; and for Mr. Paul Brazil, $275.00 per hour for work performed in 2016. These rates are consistent with what Ms. Mancuso and Mr. Brazil have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, I find the overall hours billed to be largely reasonable. However, a small amount must be reduced for excessive time billed by counsel to direct paralegal activity. Such entries typically concerned directing the firm paralegals to draft *pro forma* filings or to file documents, an administrative task. In my experience, it would not take an attorney six minutes to tell a paralegal to draft a status report or file a document, and this billed timed leads to a situation where the time spent preparing such filings is excessive. Upon review, an appropriate reduction for this time is $250.00. Accordingly, Petitioner is awarded final attorneys' fees of $13,967.30.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $617.54 in attorneys' costs. Fees App. at 14. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and are reasonable. Petitioner has provided adequate documentation supporting the request. Accordingly, the requested attorneys' costs are reasonable and shall be reimbursed in full.

### V. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,217.30 |
| (Reduction to Fees) | - ($250.00) |
| **Total Attorneys' Fees Awarded** | **$13,967.30** |
| | |
| Attorneys' Costs Requested | $617.54 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$617.54** |
| | |
| **Total Amount Awarded** | **$14,584.84** |

8

**Accordingly, I award a lump sum in the amount of $14,584.84, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Shealene Mancuso.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).